[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-12009

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

BRENTON MAURICE EDWARDS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama
D.C. Docket No. 2:22-cr-00108-RAH-KFP-1

_____

Before JILL PRYOR, NEWSOM, and TJOFLAT, Circuit Judges.

PER CURIAM:

Brenton Edwards appeals his 21-month sentence imposed by the United States District Court for the Middle District of Alabama upon revocation of his supervised release. He argues that the sentence was substantively unreasonable because it was greater than necessary to achieve the sentencing purposes identified in 18 U.S.C. § 3553(a). He also argues that the District Court did not adequately consider the mitigating aspects of his history and characteristics in imposing the sentence. We affirm the bottom-of-the-guidelines sentence imposed by the District Court.

## I.

In March 2015, a federal grand jury in the Western District of Oklahoma indicted Edwards for failure to register as a sex offender, in violation of 18 U.S.C. § 2250(a). Edwards pled guilty and that District Court sentenced him to 57 months' imprisonment, followed by 15 years of supervised release.

Edwards completed his sentence and began his 15-year term of supervised release on November 24, 2021. The terms of his supervised release, as relevant here, required that he: (1) participate in a program of substance abuse aftercare at the direction of the probation officer; (2) follow the instructions of the probation officer; and (3) avoid committing another federal, state, or local crime. On April 6, 2022, the Western District of Oklahoma

transferred jurisdiction of Edwards's case to the Middle District of Alabama.

On May 2, 2022, the United States Probation Office filed a petition with the District Court, recommending revocation of Edwards's supervised release based on violations of the three terms of his release discussed above.  First, the petition alleged that Edwards failed to participate in substance abuse aftercare because on March 22, 2022, he left Aletheia House in Montgomery, Alabama, where he was participating in an inpatient substance abuse treatment program, without permission.  Second, the petition alleged that Edwards's probation officer instructed him to report to the probation office on March 24, 2022, which Edwards failed to do.  Finally, the petition alleged that Edwards was arrested by deputies in Autauga County, Alabama, on March 25, 2022, and was charged with Unlawful Possession of a Controlled Substance in violation of the Code of Alabama 1975, § 13A-12-212. The District Court ordered a warrant for Edwards, who waived his preliminary and detention hearing.

At the revocation hearing on June 6, 2022, Edwards admitted the first two violations of his supervised release.  He pled no contest to the third violation because of pending charges in Autauga County.  The District Court heard evidence from Investigator Prieur, who testified that he responded to a call of a suspicious person outside a volunteer fire department, which turned out to be Edwards.  Once Edwards had been identified, the police determined that he had an outstanding warrant and they took him into

custody and searched him. Upon searching Edwards, the police found approximately 1.5 grams of methamphetamine on his person.

The District Court found Edwards guilty of all three violations. The Court calculated the guidelines range, which was determined to be 21 to 24 months. There were no objections to the guidelines range.

Edwards's brother and girlfriend each addressed the District Court and requested that the Court sentence Edwards to rehabilitative treatment instead of imprisonment. Edwards also submitted an affidavit from a social worker who claimed that Dismas Charities, a halfway house, could offer mental health and substance abuse treatment to Edwards. Edwards requested the opportunity to attend the program at Dismas Charities.

Edwards's probation officer also addressed the Court, explaining that Dismas Charities was a reentry center, not a drug treatment facility. According to the probation officer, if Edwards needed treatment, the best place for him would have been Aletheia House.

The District Court was "troubled" by the fact that Edwards walked out of Aletheia House and failed to report to his probation officer; the Court believed that based on the overall picture of the case, the guidelines were appropriate. The Court sentenced Edwards to 21-months' imprisonment, the lowest sentence under the

guidelines.  Edwards objected to the substantive reasonableness of the sentence.  This timely appeal followed.

## II.

We review a sentence imposed upon revocation of supervised release for reasonableness. *United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014).  We review the reasonableness of a sentence under the deferential abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 41, 128 S. Ct. 586, 591 (2007).  The party challenging a sentence bears the burden of proving that the sentence is unreasonable in light of the record, the factors listed in 18 U.S.C. § 3553(a), and the substantial deference afforded sentencing courts. *United States v. Rosales-Bruno*, 789 F.3d 1249, 1256 (11th Cir. 2015).

The weight given to any specific § 3553(a) factor is committed to the sound discretion of the district court, and we will not substitute our judgment in weighing the relevant factors. *United States v. Amedeo*, 487 F.3d 823, 832 (11th Cir. 2007).  We will sometimes "affirm the district court even though we would have gone the other way had it been our call." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc) (quotation marks omitted). Though it has a great deal of discretion, a district court can abuse that discretion if it (1) fails to consider relevant factors that were due significant weight, (2) gives an improper or irrelevant factor significant weight, or (3) commits a clear error of judgment by balancing the proper factors unreasonably. *Id*.  Moreover, a district court's unjustified reliance on any one § 3553(a) factor may be

indicative of an unreasonable sentence. *United States v. Crisp*, 454 F.3d 1285, 1292 (11th Cir. 2006).

The district court must impose a sentence that is sufficient, but not greater than necessary, to comply with the sentencing factors listed in 18 U.S.C. § 3553(a). *Kimbrough v. United States*, 552 U.S. 85, 101, 128 S. Ct. 558, 570 (2007). Nevertheless, a district court need not address every factor or every argument in mitigation; rather, simply acknowledging that it considered the § 3553(a) factors and the parties' arguments is sufficient. *United States v. Taylor*, 997 F.3d 1348, 1354 (11th Cir. 2021). If the district court "decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation." *Rita v. United States*, 551 U.S. 338, 356, 127 S. Ct. 2456, 2468 (2007).

We will vacate the defendant's sentence only if we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Trailer*, 827 F.3d 933, 936 (11th Cir. 2016) (quotation marks omitted). Although we do not presume that a sentence falling within the guideline range is reasonable, we ordinarily expect such a sentence to be reasonable. *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008).

The failure to discuss mitigating evidence does not indicate that the court erroneously ignored or failed to consider this evidence. *Amedeo*, 487 F.3d at 833. The district court's failure to

specifically mention at sentencing certain mitigating factors does not compel the conclusion that the sentence crafted in accordance with the § 3553(a) factors was substantively unreasonable. *United States v. Snipes*, 611 F.3d 855, 873 (11th Cir. 2010).

Here, the District Court did not abuse its discretion in weighing the § 3553(a) factors to find that, given Edwards's history and characteristics and the nature of his violations of failing to report to an inpatient substance abuse treatment facility as required, a 21-month sentence was sufficient but not greater than necessary. Moreover, the fact that the District Court did not specifically discuss the mitigating evidence in the record does not compel the conclusion that the sentence crafted in accordance with the § 3553(a) factors and at the low end of the guideline range was substantively unreasonable.

The District Court discussed that Edwards had previously failed a drug test and had been given another chance at Aletheia House, which he walked out of after two weeks. Based on the "overall picture," the District Court decided to apply the guidelines. The Court said:

> [H]aving considered and consulted the guidelines and the parties' arguments and evaluated the reasonableness of a sentence through the lens of 18 U.S.C. 3553, it is the order, judgment, and decree of the Court that the defendant is committed to the custody of the Federal Bureau of Prisons to be imprisoned for a term of 21 months.

Tr. of Revocation Proceeding, Doc. 34 at 24.

While this Circuit does not apply an automatic presumption of reasonableness to within-guidelines sentences, we do normally expect within-guidelines sentences like Edwards's to be reasonable. *Hunt*, 526 F.3d at 746. The District Court simply applied the guidelines to Edwards's revocation. It acknowledged that it had considered the relevant arguments and the § 3553(a) factors. It did not need to do more than that. *See Taylor*, 997 F.3d at 1354.

The District Court did not abuse its discretion in sentencing Edwards to 21 months' imprisonment upon revocation of his supervised release. The District Court's sentence is

**AFFIRMED.**